JONATHAN B. COLE (SBN 70460)
*jcole@nemecek-cole.com*
MATTHEW J. HAFEY (SBN 167122)
*mhafey@nemecek-cole.com*
NEMECEK & COLE, a Professional Corporation
15260 Ventura Boulevard, Suite 920
Sherman Oaks, California 91403-5344
Telephone: (818) 788-9500
Facsimile: (818) 501-0328

Attorneys for Plaintiff
JAMES RIVER INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, an Ohio corporation,<br><br>           Plaintiff,<br><br>  -vs-<br><br>VERENGO, INC., a Delaware corporation; SUNRUN, INC. a Delaware corporation,<br><br>           Defendants. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>**1.  Declaratory Relief (Duty to Defend);**<br>**2.  Declaratory Relief (Duty to Indemnify)** |

Plaintiff JAMES RIVER INSURANCE COMPANY ("JAMES RIVER") for its Complaint against the above-named defendants, upon knowledge, information and belief, alleges as follows:

1.  This is an action by JAMES RIVER for Declaratory Relief with regard to a Professional Liability Insurance Policy, part of a Freedom Pack Policy No. 00059483-0 (the "2013 Primary Policy"), and an Excess Commercial Liability Policy No. 00059485-0 (the "2013 Excess Policy") issued to defendant Verengo, Inc. ("VERENGO") for the Policy Period of 10/01/2013 to 10/01/ 2014, which were

1  renewed as Policy Nos. 00059483-1 (the "2014 Primary Policy") and 00059485-1 (the
2  "2014 Excess Policy") for the Policy Period of 10/01/2014 to 10/01/2015.  The 2013
3  Primary Policy, 2014 Primary Policy, 2013 Excess Policy and 2014 Excess Policy are
4  sometimes collectively referred to as the "Policies."  The Policies contain an arbitration
5  provision which JAMES RIVER reserves the right to enforce by a motion or petition to
6  compel arbitration. True and correct copies of the Policies are attached hereto as
7  Exhibits "A" through "D" and are incorporated herein by this reference.

8      2. In this action, JAMES RIVER seeks a declaration by this Court pursuant
9  to 28 U.S.C. §§ 2201 and 2202 that JAMES RIVER has no duty to defend or
10 indemnify its insured VERENGO concerning an underlying contract dispute entitled
11 *Verengo, Inc. v. Sunrun, Inc.*, which is presently the subject of a Demand for
12 Arbitration before the American Arbitration Association (the "Underlying Action").
13 JAMES RIVER has agreed to defend VERENGO pursuant to a reservation of rights,
14 including the right to seek reimbursement upon a Declaratory Judgment from this
15 Court that it has no duty to defend.

## JURISDICTION AND VENUE

17     3. The Court has jurisdiction over this action pursuant to 28 U.S.C.
18 § 1332(a)(1).  There is complete diversity of citizenship between plaintiff and
19 defendants and the amount in controversy exceeds the sum of $75,000, exclusive of
20 interest and costs, as SUNRUN has alleged damages against VERENGO in an amount
21 in excess of $75,000.  An actual controversy within the meaning of 28 U.S.C. § 2201
22 also exists between the parties.

23     4. Venue is proper pursuant to 28 U.S.C. § 1391, in that a substantial part of
24 events giving rise to this action occurred in the this district, defendants in this action
25 reside in this district, the Policy was delivered in this district and the Policy was to be
26 performed in this district.

27 / / /
28 / / /

-2-
COMPLAINT
1896469.P1 Complaint.wpd

## PARTIES

5. At all relevant times herein, JAMES RIVER was a corporation organized under the laws of the State of Ohio whose principal place of business is located in Richmond, Virginia. JAMES RIVER is an insurance company authorized to transact business in California on a non-admitted basis as an Excess and Surplus Lines carrier. JAMES RIVER does not maintain an office or place of business in this District. JAMES RIVER is therefore a citizen of the States of Virginia and Ohio for purposes of determining diversity jurisdiction.

6. JAMES RIVER is informed and believes and thereon alleges that defendant VERENGO is a corporation organized and existing under the laws of the State of Delaware whose principal place of business is located in the County of Los Angeles, State of California. JAMES RIVER is therefore informed and believes and thereon alleges that VERENGO is a citizen of the States of Delaware and California for the purposes of determining diversity jurisdiction.

7. JAMES RIVER is informed and believes and thereon alleges that defendant SUNRUN is a corporation organized and existing under the laws of the State of Delaware whose principal place of business is located in the County of San Francisco, State of California. JAMES RIVER is therefore informed and believes and thereon alleges that SUNRUN is a citizen of the States of Delaware and California for the purposes of determining diversity jurisdiction.

8. JAMES RIVER is informed and believes and thereon alleges that there are others who have an interest in the matters sought to be adjudicated herein and will seek leave to amend its Complaint to add such additional defendants as they become known.

## INTRADISTRICT ASSIGNMENT

9. Intradistrict assignment to the Western Division, Los Angeles Courthouse is appropriate as JAMES RIVER is informed and believes that the first named defendant "resides" in the County of Los Angeles, State of California, that the insurance contracts at issue were delivered in the County of Los Angeles, California

and that the Policies were to be performed in the County of Los Angeles, California. None of the defendants "reside" in Ventura, Riverside, San Bernardino or Orange Counties.

## FACTUAL ALLEGATIONS

10. JAMES RIVER is informed and believes and thereon alleges that SUNRUN is a solar service provider that finances the installation of solar power facilities on residential houses via power purchase agreements ("PPAs") involving either the sale or lease of solar power equipment. SUNRUN then contracts with others (such as VERENGO) to market, install and service such equipment.

11. In the Underlying Action, SUNRUN alleges that on May 19, 2009 it entered into a Master Turnkey Agreement with "Jemstar Builders, Inc. dba Verengo." SUNRUN also alleges that on February 10, 2010, it entered into a Channel Agreement with VERENGO, which was subsequently amended several times. SUNRUN alleges that the purpose of these agreements was to obligate VERENGO to market, install and provide warranty service of solar equipment on behalf of SUNRUN.

12. SUNRUN alleges that in May, 2014, VERENGO terminated its relationship with SUNRUN, stopped marketing and installing SUNRUN's products, and stopped providing warranty service. Sunrun alleges that VERENGO breached the Master Turnkey Agreement and Channel Agreement. As a result of the breach, SUNRUN claims that (a) VERENGO failed to use its "best commercial efforts" to market and promote SUNRUN products; (b) VERENGO owes SUNRUN a contractual penalty (described as "liquidated damages") for not meeting productivity goals during the term of the contracts; and (c) VERENGO breached the contracts by not providing existing customers with warranty service.

13. JAMES RIVER is informed and believes and thereon alleges that SUNRUN first made the allegations described above against VERENGO prior to October 1, 2014 (*e.g.* during the 2013 Primary Policy period), but that VERENGO did not report a "claim" or circumstance that may lead to a "claim" arising out of those

1  allegations until February, 2015 (*e.g.* during the 2014 Policy period).  The Professional
2  Liability Coverage Part is written on a "claims made and reported" basis and excludes
3  coverage for "Known Condition(s)."  In addition, VERENGO did not disclose such
4  facts on its Application for the 2014 Primary Policy or the 2014 Excess Policy.

5       14.   VERENGO tendered its defense of the Underlying Action to JAMES
6  RIVER in February, 2015.  JAMES RIVER agreed to provide VERENGO with a
7  defense to the Underlying Action, subject to a reservation of rights to recoup said
8  defense fees and costs upon a declaration from this Court as to the rights and duties of
9  the parties.

## First Claim for Relief

## JAMES RIVER Is Entitled to a Judicial Declaration Against all Defendants as to JAMES RIVER's Duty to Defend VERENGO in the Underlying Action

13      15.   JAMES RIVER repeats and incorporates by reference the allegations in
14  paragraphs 1 through 14, inclusive, of this Complaint.

15      16.   A true and present controversy exists between JAMES RIVER, on the one
16  hand, and Defendants on the other, in that JAMES RIVER contends that there is no
17  coverage or potential for coverage for VERENGO (and therefore no duty to defend) as
18  to any and all claims concerning, arising from, or related to the Underlying Action, for
19  the following reasons, among other things:

20      a.   There is no coverage for the Underlying Action under the
21  Commercial General Liability part or the Contractor's Pollution Liability part of the
22  Policies because the Underlying Action does not allege facts which describe an
23  "Occurrence" causing "Bodily injury" or "Property damage" to SUNRUN;

24      b.   The Underlying Action alleges claims which are precluded under
25  all coverage parts pursuant to exclusions for intentional acts on the part of the insured,
26  VERENGO;

27  / / /
28  / / /

  c. The "Business Risk" exclusions contained in the Commercial General Liability part (Exclusions 2.j(5), 2.j(6), 2.k., 2.l., 2.m., and 2.n.) preclude coverage for the Underlying Action;

  d. The Underlying Action does not allege facts which describe an offense constituting "Personal and Advertising Injury" against SUNRUN sufficient to trigger coverage under the Commercial General Liability part, Coverage B;

  e. The "Knowing Violations of Rights of Another" exclusion, the "Contractual Liability" exclusion, and the "Breach of Contract" exclusion applicable to the Commercial General Liability part, Coverage B, preclude coverage for the Underlying Action;

  f. There is no coverage under the Professional Liability Coverage part of the Policies because the Underlying Action does not state facts describing a "wrongful act" in the performance of or failure to perform "professional services."

  g. There is no coverage under the Professional Liability Coverage part of the Policies because SUNRUN does not allege facts which entitle it to recover "Loss" as that term is defined in the Policies, in that the "liquidated damages" sought by SUNRUN are penalties which do not fit the definition of "Loss";

  h. The "Contractual Liability" Exclusion applicable to the Professional Liability Coverage part precludes coverage for the Underlying Action;

  i. The "Construction or Demolition" Exclusion applicable to the Professional Liability Coverage part precludes coverage for the Underlying Action;;

  j. The "Faulty Work" Exclusion applicable to the Professional Liability Coverage part precludes coverage for the Underlying Action;

  k. The "Known Conditions" Exclusion applicable to the Professional Liability Coverage part precludes coverage for the Underlying Action;

  l. The "Products Liability" Exclusion applicable to the Professional Liability Coverage part precludes coverage for the Underlying Action;

///

m. The "Warranties / Cost Estimates" Exclusion applicable to the Professional Liability Coverage part precludes coverage for the Underlying Action;

n. Punitive damages are excluded under the Punitive Damages Exclusion, California Insurance Code § 533, and California Public Policy.

17. JAMES RIVER is informed and believes and thereon alleges that other terms, conditions, exclusions and endorsements in the Policies operate to preclude coverage and therefore eliminate any duty to defend any and all claims alleged in the Underlying Action as described hereinabove, and reserves the right to amend this Complaint to allege such provisions. JAMES RIVER is informed and believes and thereon alleges that Defendants contend otherwise.

18. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the Policies.

## Second Claim for Relief

## JAMES RIVER Is Entitled to a Judicial Declaration Against all Defendants as to JAMES RIVER's Duty to Indemnify VERENGO in the Underlying Action

19. JAMES RIVER repeats and incorporates by reference the allegations in paragraphs 1 through 18, inclusive, of this Complaint.

20. A true and present controversy exists between JAMES RIVER, on the one hand, and Defendants on the other, in that JAMES RIVER contends that there is no coverage or potential for coverage for VERENGO (and therefore no duty to indemnify) as to any and all claims concerning, arising from, or related to the Underlying Action for the following reasons, among other things:

a. There is no coverage for the Underlying Action under the Commercial General Liability part or the Contractor's Pollution Liability part of the Policies because the Underlying Action does not allege facts which describe an "Occurrence" causing "Bodily injury" or "Property damage" to SUNRUN;

///

      b.      The Underlying Action alleges claims which are precluded under all coverage parts pursuant to exclusions for intentional acts on the part of the insured, VERENGO;

      c.      The "Business Risk" exclusions contained in the Commercial General Liability part (Exclusions 2.j(5), 2.j(6), 2.k., 2.l., 2.m., and 2.n.) preclude coverage for the Underlying Action;

      d.      The Underlying Action does not allege facts which describe an offense constituting "Personal and Advertising Injury" against SUNRUN sufficient to trigger coverage under the Commercial General Liability part, Coverage B;

      e.      The "Knowing Violations of Rights of Another" exclusion, the "Contractual Liability" exclusion, and the "Breach of Contract" exclusion applicable to the Commercial General Liability part, Coverage B, preclude coverage for the Underlying Action;

      f.      There is no coverage under the Professional Liability Coverage part of the Policies because the Underlying Action does not state facts describing a "wrongful act" in the performance of or failure to perform "professional services."

      g.      There is no coverage under the Professional Liability Coverage part of the Policies because SUNRUN does not allege facts which entitle it to recover "Loss" as that term is defined in the Policies, in that the "liquidated damages" sought by SUNRUN are penalties which do not fit the definition of "Loss";

      h.      The "Contractual Liability" Exclusion applicable to the Professional Liability Coverage part precludes coverage for the Underlying Action;

      i.      The "Construction or Demolition" Exclusion applicable to the Professional Liability Coverage part precludes coverage for the Underlying Action;;

      j.      The "Faulty Work" Exclusion applicable to the Professional Liability Coverage part precludes coverage for the Underlying Action;

      k.      The "Known Conditions" Exclusion applicable to the Professional Liability Coverage part precludes coverage for the Underlying Action;

1        l.      The "Products Liability" Exclusion applicable to the Professional Liability Coverage part precludes coverage for the Underlying Action;

        m.     The "Warranties / Cost Estimates" Exclusion applicable to the Professional Liability Coverage part precludes coverage for the Underlying Action;

        n.      Punitive damages are excluded under the Punitive Damages Exclusion, California Insurance Code § 533, and California Public Policy.

21.    JAMES RIVER is informed and believes and thereon alleges that other terms, conditions, exclusions and endorsements in the Policies operate to preclude coverage and therefore eliminate any duty to indemnify VERENGO against any and all claims alleged in the Underlying Action as described hereinabove, and reserves the right to amend this Complaint to allege such provisions. JAMES RIVER is informed and believes and thereon alleges that Defendants contend otherwise.

22.    A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the Policies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAMES RIVER requests that the Court enter judgment in its favor:

**ON THE FIRST CLAIM FOR RELIEF**

    A.    For a judicial declaration as to the rights and duties of JAMES RIVER, as to its duty to defend VERENGO with regard to the Underlying Action;

    B.    For restitution from VERENGO of attorney's fees and costs expended by JAMES RIVER in defense of the Underlying Action;

**ON THE SECOND CLAIM FOR RELIEF**

    C.    For a judicial declaration as to the rights and duties of JAMES RIVER, as to its duty to indemnify VERENGO with regard to the Underlying Action;

    D.    For restitution from VERENGO of amounts paid in a settlement or judgment of Underlying Action by JAMES RIVER on VERENGO's behalf;

**ON ALL CLAIMS FOR RELIEF**

  E. For such additional declaratory and other relief as shall be found to be appropriate under the circumstances.

Dated: March 19, 2015   Respectfully Submitted,

           NEMECEK & COLE

           /S/ Matthew J. Hafey
         By_____
           JONATHAN B. COLE
           MATTHEW J. HAFEY
           Attorneys for Plaintiff JAMES RIVER
           INSURANCE COMPANY

-10-
COMPLAINT
1896469.P1 Complaint.wpd